IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEN WEI REN,<br>　　　Petitioner,<br><br>vs.<br><br>JAMES SHERMAN, Warden,<br>　　　Respondent. | )<br>)<br>)　C.A. No. 04-300 Erie<br>)　District Judge McLaughlin<br>)　Magistrate Judge Baxter<br>)<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the instant *Petition for Writ of Habeas Corpus* be denied.

### II.    REPORT

On November 3, 2004, Petitioner Chen Wei Ren, a federal prisoner incarcerated at the Federal Correctional Institution in McKean County, Pennsylvania ("FCI-McKean"), filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence. Petitioner contends that the Federal Bureau of Prisons ("BOP") has failed to credit him with pretrial detention credit against his federal sentence. As relief, Petitioner seeks additional sentence credit from November 13, 1997 to April 16, 2001.

AO 72
(Rev. 8/82)

### A. Relevant Factual and Procedural History

On May 12, 1994, Petitioner was arrested by New York authorities for first degree burglary. (See Declaration of Roberta M. Truman attached to Response to Petition ("Truman Declaration") at ¶ 4b). He was released on bail from June 22, 1994 until June 28, 1995. (See Truman Declaration, Exhibits D and E). Petitioner was ultimately convicted of burglary in the first degree and was sentenced by the New York state court to serve 30 to 90 months of imprisonment on September 25, 1995. (See Truman Declaration, Exhibit E). At that time, New York authorities awarded Petitioner prior custody credit for time served from May 12, 1994 to June 22, 1994, and from June 28, 1995 to September 25, 1995. (See Truman Declaration, Exhibit E).

Petitioner was released on consignment to Connecticut authorities on or about February 14, 1996, to stand trial for burglary charges in that state. (See Truman Declaration, Exhibit F). On March 22, 1996, Petitioner was convicted by the Connecticut state court of third degree burglary and conspiracy to commit burglary in the third degree, for which he was sentenced to serve 13 months of imprisonment to run consecutively to the New York sentence. (See Truman Declaration at ¶ 4b). Petitioner was then returned to the custody of New York authorities to complete his New York sentence. (See Truman Declaration, Exhibit F).

On May 20, 1996, Petitioner was borrowed from the New York state authorities on a federal writ of *habeas corpus ad prosequendum* to stand trial in the United States District Court for the Southern District of New York ("SDNY District Court") on federal racketeering charges. (See Truman Declaration at ¶ 3a). On May 31, 2000, Petitioner was ultimately sentenced by the SDNY District Court to serve sixty (60) months incarceration for violation of 18 U.S.C.

AO 72
(Rev. 8/82)

§ 1962(c), Participation in a Racketeering Enterprise, and a consecutive term of sixty (60) months incarceration for violation of 18 U.S.C. § 924(c), Using and Carrying a Firearm in Relation to a Crime of Violence, followed by five years of supervised release. Petitioner was also sentenced to serve sixty (60) months incarceration, concurrent with the foregoing sentences, for violation of 8 U.S.C. § 1324, Conspiring to Smuggle Aliens into the United States. (See Declaration of Fernando J. Messer attached to Response to Petition ("Messer Declaration"), Exhibit A). All three sentences were then aggregated to form a total federal sentence of 120 months incarceration, followed by five years of supervised release.

After sentencing by the SDNY District Court, Petitioner was returned to New York state authorities to finish his New York sentence. (See Truman Declaration, Exhibit F). On August 8, 2000, Petitioner was released from New York state custody to Connecticut authorities to serve his Connecticut sentence. Petitioner was thereafter released from the custody of Connecticut authorities to federal authorities on April 17, 2001, to begin service of his federal sentence. (See Truman Declaration, Exhibit F).

Petitioner's federal sentence was originally computed to begin on April 17, 2001, pursuant to § 3584(a). Petitioner was granted prior custody credit for two days the BOP staff verified he had been in custody that were not applied to either state sentence. As a result, Petitioner's projected date for release from federal custody was initially calculated to be December 30, 2009. (See Truman Declaration, Exhibit G).

On or about October 24, 2001, Petitioner submitted a Request for Administrative Remedy with FCI-McKean's former Warden, John J. LaManna, requesting prior custody credit for the period from November 13, 1987 through April 17, 2001. This request was based upon

3

Petitioner's contention that, had he remained in the custody of New York state authorities during the time he was held in temporary federal custody pending trial on his federal charges, he would have been released on November 13, 1997. Thus, Petitioner argues that the time he spent in federal custody since November 13, 1997, should be credited against his federal sentence. (See Truman Declaration, Exhibit J). In consideration of this request, the BOP confirmed with the SDNY District Court that Petitioner's federal sentence could run concurrently with his state sentences. As a result, the BOP granted a *nunc pro tunc* designation of the New York and Connecticut state facilities for service of his federal service to allow his federal sentence to commence on May 31, 2000, the date his federal sentence was imposed. (See Messer Declaration, Exhibit L). In addition, Petitioner was granted prior custody credit for the period from May 13, 2000, the date New York state authorities would have released him if he was in their custody, to May 30, 2000, the day before imposition of his federal sentence. (See Messer Declaration, Exhibit L). As a result, Petitioner's projected release date was reset to October 10, 2008.

**B.**     **Subject Matter Jurisdiction**

Although a challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255, a claim concerning *execution* of a sentence by federal prison and parole authorities is properly brought under 28 U.S.C. § 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976); Chambers v. Holland, 920 F. Supp. 618 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). Because Petitioner is challenging the terms (or execution) of his sentence, his habeas petition properly is brought

under Section 2241.  <u>See also</u> <u>United States v. Dorsey</u>, 166 F.3d 558 (3d Cir. 1999).

### C.  Exhaustion

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his claim to federal court.  <u>United States v. Wilson</u>, 503 U.S. 329, 334-335 (1992); <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757 (3d Cir. 1996); <u>United States v. Keller</u>, 58 F.3d 884 (2d Cir. 1995); <u>United States v. Brann</u>, 990 F.2d 98, 104 (3d Cir. 1993).  Bureau of Prisons is the agency charged with administering the federal prison system.  <u>Reno v. Koray</u>, 515 U.S. 50, 60 (1995); <u>Wilson</u>, 503 U.S. at 334-335.  For federal prisoners challenging Bureau of Prisons determinations, the initial venue is the administrative process.  Bureau of Prisons codified its Administrative Remedy Program ("ARP") in 28 C.F.R. Part 542, which provides detailed procedures and guidelines for federal prisoners to seek administrative review of any aspect of their confinement.

Respondent acknowledges that Petitioner has exhausted his administrative remedies. (See Response to Petition at p. 6).

### D.  Sentence Computation

In any computation of a federal sentence, a court must consider two separate issues. First, the court must establish when the federal sentence commences; and second, the court must determine the extent to which a defendant can receive credit for time spent in custody prior to commencement of the sentence.  <u>Chambers v. Holland</u>, 920 F.Supp. 618, 621 (E.D. Pa.), <u>aff'd</u>. 100 F.3d 946 (3d Cir. 1996).

### 1. Commencement of sentence

To determine the date a sentence commences, the Bureau of Prisons ("B.O.P.") relies upon Title 18, Section 3585(a), which provides the mandatory time period when a federal sentence begins to run for offenses that occurred on or after November 1, 1987:

> (a) **Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Thus, a federal sentence does not commence until the prisoner is actually received into federal custody for that purpose. McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Nevertheless, a federal inmate's state incarceration can be credited against his federal sentence if the BOP, *nunc pro tunc*, designates the state facility for service of a portion of the federal sentence. Barden, 921 F.2d at 480. Such a *nunc pro tunc* designation is precisely what occurred in this case. Although Petitioner was not received into federal custody for the purpose of serving his federal sentence until April 17, 2001, the BOP, *nunc pro tunc*, designated the New York and Connecticut state facilities for service of Petitioner's federal sentence as of the date his federal sentence was imposed on May 31, 2000. Thus, Petitioner's federal sentence was commenced as of the earliest possible date, as "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980), citing Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972).

AO 72
(Rev. 8/82)

**2.   Prior Custody Credit**

Credit for time spent in custody prior to the date a federal sentence begins to run may be granted pursuant to 18 U.S.C. § 3585(b), which provides:

> (b)   **Credit for prior custody**. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1)   as a result of the offense for which the sentence was imposed; or
>
> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (1998).

To receive federal credit for time spent in custody prior to sentencing, Petitioner must satisfy the requirements of either section 3585(b)(1) or section 3585(b)(2) <u>and</u> he must not have already received credit towards some other sentence for the time he was held in custody.

Petitioner is seeking additional credit for time that he was serving a state sentence while in custody of the federal authorities pursuant to a writ of *habeas corpus ad prosequendum*. Specifically, he is seeking credit for the period from November 13, 1997, the earliest date he was eligible for release from New York custody, to April 16, 2001, the day before he was released to federal custody. First, since Petitioner's sentence was reset to commence as of May 31, 2000, his request for credit from May 31, 2000 to April 16, 2001 is moot. Thus, the period of time at issue is actually November 13, 1997 to May 30, 2000.

Petitioner argues that he should be granted credit for this time period based on the decision of the Tenth Circuit Court of Appeals in <u>Brown v. Perrill</u>, 28 F.3d 1073 (10th Cir.

1994). (See Petition, p. 4a). In <u>Brown</u>, the court granted prior custody credit to an inmate who was held in the physical custody of the BOP for an extended period of time pursuant to a writ of *habeas corpus ad prosequendum*. In particular, the Tenth Circuit concluded that the federal authorities' detention of the plaintiff in <u>Brown</u> for more than two years "transmuted" the detention into "custody" for purposes of 18 U.S.C. § 3568 (now 18 U.S.C. § 3585). The <u>Brown</u> decision, however, is not recognized by the Third Circuit, which has since held that:

> ... we respectfully disagree with the reasoning employed by the court in <u>Brown</u>.... the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.

<u>Rios v. Wiley</u>, 201 F.3d 257, 274 (3d Cir. 2000)(citations omitted).

Thus, there is no basis on which to grant Petitioner prior custody credit for the period from November 13, 1997 to May 30 2000.

**E.     Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." <u>Szuchon v. Lehman,</u> 273 F.3d 299, 312 (3d Cir. 2001) <u>quoting</u> <u>Slack v. McDaniel,</u>

529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the instant *Petition for Writ of Habeas Corpus* be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 20, 2005

cc:   The Honorable Sean J. McLaughlin
      United States District Judge

      All parties of record _____