OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Telephone
267-299-4926

www.ca3.uscourts.gov

February 7, 2006

Mr. Robert V. Barth Jr., Clerk
United States District Court
Western District of Pennsylvania
17 South Park Row
Room B-160
Erie, PA 16501

RECEIVED

FEB 0 9 2006

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

RE: Docket No. 5-3732
    Ren vs. Sherman
    D.C. CIVIL No. 04-cv-00300E

Dear Clerk:

     Enclosed herewith are copies of the following documents filed today in the above-entitled case:

          1. Opinion;

          2. Certified copy of the judgment denying the issuance of a writ of mandamus.

     Please acknowledge receipt of the above documents on the enclosed copy of this form.

Very truly yours,
MARCIA M. WALDRON, Clerk

By: Carolyn Hicks, Case Manager

cc: Hon. Sean J. McLaughlin
    Mr. Chen Wei Ren

Enclosure

APS-97

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3732

_____

CHEN WEI REN,
Appellant

v.

WARDEN JAMES SHERMAN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00300)
District Judge: Honorable Sean J. McLaughlin

_____

Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2006

BEFORE: SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

**JUDGMENT**
_____

This cause came on to be heard on the record from the United States District Court
for the Western District of Pennsylvania and was submitted for possible summary action
under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District
Court entered July 27, 2005, be and the same is hereby affirmed. All of the above in
accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: February 7, 2006

A True Copy:

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

APS-97                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3732

_____

CHEN WEI REN,
                                        Appellant

v.

WARDEN JAMES SHERMAN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00300)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6

January 20, 2006

BEFORE: SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed: February 7, 2006)

_____

OPINION

_____

PER CURIAM

        Appellant, Chen Wei Ren, appeals the order of the United States District Court for

the Western District of Pennsylvania dismissing his petition for writ of habeas corpus

filed pursuant to 28 U.S.C. § 2241.  For essentially the reasons set forth in the Magistrate

Judge's Report and Recommendation which was adopted by the District Court, we will summarily affirm the judgment of the District Court.

The parties are familiar with the facts, so we will only briefly revisit them here. Ren was arrested by New York authorities on May 12, 1994, on state charges of first degree burglary. He was released on bail from June 22, 1994 until June 28, 1995, and was ultimately convicted and sentenced on September 25, 1995, to a term of 30-90 months imprisonment. New York authorities awarded Ren credit for time served from May 12, 1994 to June 22, 1994, and from June 28, 1995 to September 25, 1995. On February 14, 1996, appellant was released on consignment to Connecticut authorities to stand trial on burglary charges in that state. Ren was convicted on March 22, 1996, sentenced to a 13 month term of imprisonment to run consecutive to his New York sentence, and thereafter returned to New York state custody. Ren was then "borrowed" from New York authorities on May 20, 1996, on a federal writ of habeas corpus <u>ad prosequendum</u> to stand trial in the United States District Court for the Southern District of New York ("District Court") on federal racketeering charges. Those federal charges resulted in the imposition on May 31, 2000 of an aggregate sentence of 120 months imprisonment. Ren was once again returned to New York state authorities to finish out his state sentence.

On August 8, 2000, Ren was released from New York state custody to Connecticut authorities to begin service of his Connecticut sentence. He completed that sentence on

April 17, 2001, and was then released to federal authorities to begin serving the sentence imposed by the District Court. At that time, the Bureau of Prisons ("BOP") computed Ren's federal sentence as commencing on the day he was released from state custody to federal custody (i.e., April 17, 2001), pursuant to 18 U.S.C. § 3584(a). He was given prior custody credit for two days (i.e., January 11, 1994 and March 14, 1994) that the BOP staff had verified that he was in custody and that were not applied to either of his state sentences, and had his projected release dated calculated to be December 30, 2009 via good conduct credits.

Ren filed a Request for Administrate Remedy on October 24, 2001, requesting additional prior custody credit for the period from November 13, 1997 through April 17, 2001. Appellant based his request on the contention that, had he remained in New York state custody during the time he was on "loan" to the federal authorities pending trial on the federal charges, he may have been released from that state's custody on November 13, 1997.[1] Ren's request was considered one for a nunc pro tunc designation of the New York and Connecticut state facilities for service of his federal sentence to allow his federal sentence to commence on the date it was imposed (i.e., May 31, 2000). Having been informed by the District Court that it had no objection to the federal sentence running concurrent to the state sentences, the BOP granted the nunc pro tunc designation

---

[1] This date is the "earliest possible release" date noted in a letter from the Inmate Records Office of the New York Department of Correctional Services written to the U.S. Attorney's Office acknowledging receipt of the warrant that was lodged as a detainer against Ren.

3

in accordance with <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), and awarded Ren

additional credit for time spent in state custody from May 12, 1994 through June 22,

1994, and from June 28, 1995 through September 24, 1995.  Given Ren's contention that

he would have been released from New York state custody on November 13, 1997, the

BOP also contacted the New York Department of Corrections and was informed that, had

Ren been in state custody on his conditional release date of May 13, 2000, he would have

been released.  The BOP thus awarded Ren additional prior custody credit for the period

from May 13, 2000 through May 30, 2000, the day before his federal sentence was

imposed.  The BOP would not, however, award Ren credit from November 13, 2000

through May 13, 2000.  Ren's projected release date was reset to October 10, 2008.

   In November 2004, Ren filed the underlying § 2241 petition alleging that he is

entitled to federal sentence credit for the period from November 13, 1997 to April 16,

2001.  The Magistrate Judge to whom the petition was referred issued a Report

recommending that it be denied as the BOP's calculation had Ren's federal sentence reset

to commence at the earliest possible date.  In fact, since the reset date commenced the

sentence as of May 31, 2000, Ren's request for credit from May 31, 2000 to April 16,

2001 was rendered moot.  Moreover, the BOP awarded Ren all the prior custody credit he

was entitled to.  In accordance with this Court's holding in <u>Rios v. Wiley</u>, 201 F.3d 257,

274 (3d Cir. 2000), that "a prisoner detained pursuant to a writ of habeas corpus <u>ad</u>

<u>prosequendum</u> remains in the primary custody of the first jurisdiction unless and until the

4

first sovereign relinquishes jurisdiction over the prisoner," the Magistrate Judge concluded that there was no basis on which to grant Ren prior custody credit for the period from November 13, 1997 to May 30, 2000.   The District Court adopted that Report and Recommendation in an order entered July 27, 2005, and denied Ren's petition.  Ren timely appealed.  Appellee has filed a motion seeking summary affirmance of the District Court's order, a motion which Ren opposes.

Having carefully reviewed the record, we conclude that "no substantial question" is presented by the appeal, see 3d Cir. LAR 27.4, as the BOP properly determined the date on which Ren's federal sentence commenced and the amount of prior custody credit to be awarded.  Ren's belief that he may have been granted earlier release on parole had he been in the custody of New York state in November 1997 is simply insufficient to mandate that the BOP award such credit where the information provided by the state establishes that Ren would have been released on his conditional release date of May 13, 2000.  He thus remained in the primary custody of the state of New York until then, and § 3585(b) simply prohibits the award of double credit.  See United States v. Wilson, 503 U.S. 329, 337 (1992) (stating that Congress made clear in § 3585(b) that a defendant could not receive double credit for his detention time); Rios, 201 F.3d at 272 (22 months spent serving state sentence prior to imposition of federal sentence could not be credited under § 3585(b)).

Accordingly, we will summarily affirm the judgment of the District Court.

5